## NINDE v. THE CITY OF OSKALOOSA.

1. **Practice**: PLEADING. Where a defendant disclaims any knowledge as to the truth of an allegation of the petition, such allegation must be established by evidence to warrant a recovery thereon.

*Appeal from Mahaska District Court.*

### TUESDAY, DECEMBER 14.

THE petition in this case alleges that the plaintiff is the absolute and unqualified owner of a lot in the City of Oska-loosa, that the defendant makes some claim adverse to the estate of plaintiff, and that the defendant has no interest in, nor lien upon, said real estate for unpaid taxes nor anything else. The plaintiff prays a decree barring the defendant from having or claiming any title to said premises, or any lien for taxes or anything else.

The defendant for answer admits that plaintiff is the owner of the land in petition described.

The answer alleges that the defendant has annually and regularly assessed and levied taxes on said property; that if the plaintiff has paid all the taxes so assessed, defendant has no lien or claim for unpaid taxes, but as to whether all taxes which have been legally assessed against said property have been paid, and as to whether the alleged claim of defendant referred to in the petition is for unpaid taxes on said real estate, the defendant has no knowledge or information sufficient to form a belief, and that, otherwise than for unpaid taxes, defendant has or claims no interest in said real estate adverse to plaintiff.

The plaintiff filed a reply denying each allegation of the answer.

The cause was submitted to the court upon these pleadings without evidence. The court confirmed the plaintiff's title to the property in question, and decreed that the defendant

be barred from claiming any right or title to said premises adverse to the plaintiff, "except as to any taxes that have been levied and assessed upon and against said property, prior to the commencement of this suit and the rendition of this decree." It was further ordered that the plaintiff pay the costs of the proceeding. The plaintiff appeals.

*Williams & McMillen*, for appellant.

*F. M. Davenport*, for appellee:

DAY, J.—I. The plaintiff excepts to so much of the decree as exempts from its operation taxes that have been levied and

1. PRACTICE: pleading.

assessed upon the property prior to the rendition of the decree. The petition alleges that defendant has no interest in, nor lien upon, the property for unpaid taxes nor anything else. This allegation of the petition is not admitted. The defendant alleges that as to this it has no information or knowledge sufficient to form a belief. This casts upon the plaintiff the burden of establishing the allegation, which could be done only by proving that no taxes had been legally assessed and levied upon the premises, or that all taxes so assessed had been paid. As the plaintiff introduced no evidence, it was proper to refuse to bar the defendant of any lien for unpaid taxes.

II. The plaintiff insists that it was erroneous to tax the costs to the plaintiff. The defendant disclaimed any title to the premises. As to the remainder of the relief asked by the plaintiff, the plaintiff was unsuccessful, and was, therefore, properly taxed with the costs of the proceeding.

AFFIRMED.

SEEVERS, Justice, took no part in the decision of this case.